IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

TROY A. WHITE II,
Plaintiff,

v.

EXXON MOBIL CORPORATION,
Defendant.

CIVIL ACTION NO. _____

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

DEC 18 2024

BY
DEPUTY_____

1:24cv509

# COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

Plaintiff, TROY A. WHITE II, files this Complaint against Defendant, EXXON MOBIL CORPORATION, and respectfully shows the Court as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., and Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981, seeking remedies for unlawful discrimination, retaliation, and wrongful termination based on race.

2. Plaintiff seeks reinstatement to his former position or an equivalent role, back pay for all lost wages, 401(k) contributions, pension contributions with interest, compensation for lost health and retirement benefits, damages for emotional distress arising from Defendant's unlawful conduct, punitive damages to deter future discrimination, and attorneys' fees and court costs. Plaintiff also seeks pre- and post-judgment interest on all monetary awards to ensure full restitution for the time value of lost compensation.

## II. PARTIES

3. Plaintiff, Troy A. White II, is an individual and citizen of the United States, residing in Beaumont, Texas.

4. Defendant, Exxon Mobil Corporation, is a corporation with its principal place of business in Texas and may be served with process at its registered agent: Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because it arises under federal laws prohibiting employment discrimination and retaliation.

6. Venue is proper in this District under 28 U.S.C. § 1391(b) because the events or omissions giving rise to this claim occurred in Beaumont, Texas.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

7. Plaintiff has exhausted all administrative remedies required under Title VII by timely filing a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

8. Plaintiff received a Notice of Right to Sue from the EEOC on or about December 03, 2024, and this action is timely filed within 90 days of receipt of said notice.

### V. FACTUAL BACKGROUND

9. Plaintiff began employment with Defendant on August 08, 2016 as a Process Operator and was employed until his termination on April 15, 2024.

10. Plaintiff is an African American male and belongs to a protected class under Title VII.

11. Plaintiff was qualified for his position and performed his duties competently throughout his tenure.

12. Defendant terminated Plaintiff's employment under the pretext of alleged safety violations, despite documented evidence that similarly situated white employees who committed comparable or more egregious infractions were neither disciplined nor terminated. For instance, Defendant's records show that white employees who violated critical safety protocols, such as improper railcar handling or failure to follow safeguarding procedures, were merely given verbal or written warnings rather than termination. This inconsistency demonstrates a clear pattern of disparate treatment based on race, undermining Defendant's claim of uniform enforcement of safety policies.

13. Plaintiff repeatedly observed and reported disparate treatment of African American employees, including:
    a. Denial of advancement opportunities provided to non-African American employees;
    b. Use of racial slurs by white employees, including Eric Olsen, who faced disciplinary action and was instead promoted due to his supervisor Matthew

    Johnson covering up his actions;
    c. Heightened scrutiny and nitpicking of Plaintiff's work by Matthew Johnson and Ezequiel Puente, his supervisors.

14. Plaintiff reported these incidents of discrimination to Defendant's Human Resources Department on August 23, 2023, September 11, 2023, and October 5, 2023, detailing specific instances of racial discrimination and harassment, including the use of racial slurs and disparate treatment in advancement opportunities and falsified documented corrective action. Despite these reports, which were documented and communicated to HR, Defendant failed to initiate a formal investigation or take corrective action to address the concerns raised.

15. Defendant retaliated against Plaintiff for his complaints by terminating his employment approximately four months after responding to his last report.

16. The stated reason for Plaintiff's termination was pretextual, as Defendant's policies and procedures demonstrate that Plaintiff was not responsible for the alleged safety violation.

## VI. CAUSES OF ACTION

### COUNT ONE: RACE DISCRIMINATION UNDER TITLE VII

**Issue:** Whether Defendant discriminated against Plaintiff on the basis of race in violation of Title VII of the Civil Rights Act of 1964.

**Rule:** Under Title VII, it is unlawful for an employer to discriminate against an employee based on race in hiring, firing, or other terms and conditions of employment. To prove a claim of racial discrimination, Plaintiff must show:

1. He is a member of a protected class;
2. He was qualified for the position;
3. He suffered an adverse employment action; and
4. Similarly situated individuals of a different race were treated more favorably.

**Application:**
Plaintiff, an African American male, was qualified for his position, and his performance was generally satisfactory. However, he was subjected to discriminatory treatment compared to similarly situated white employees. For example, despite violating critical safety protocols, white employees received minimal disciplinary action, such as verbal warnings or coaching memos, while Plaintiff was terminated. Furthermore, racial slurs were used by white employees, but those incidents were not investigated or acted upon. Plaintiff's termination, based on pretextual reasons related to alleged safety violations, reflects discriminatory treatment and retaliation for reporting such misconduct.

Conclusion: Defendant's actions constitute racial discrimination in violation of Title VII.

COUNT TWO: RETALIATION UNDER TITLE VII

Issue: Whether Defendant retaliated against Plaintiff for engaging in protected activity under Title VII.

Rule: Title VII prohibits retaliation against an employee for engaging in protected activity, such as reporting discrimination. To establish a claim for retaliation, Plaintiff must show:

1. He engaged in protected activity;
2. He suffered an adverse employment action; and
3. A causal connection between the protected activity and the adverse employment action.

Application:
Plaintiff reported incidents of racial discrimination and harassment to HR on several occasions. These complaints were protected under Title VII. Within a few months of making these reports, Plaintiff was terminated for alleged safety violations. The timing of his termination, following his complaints, demonstrates a causal connection between the protected activity and the adverse action.

Conclusion: Defendant retaliated against Plaintiff for his reports of racial discrimination, violating Title VII.

---

## VII. DAMAGES

24. As a direct and proximate result of Defendant's conduct, Plaintiff suffered the following damages:
    a. Back pay, including lost wages, 401(k) contributions with detailed calculations of missed employer matches and investment growth, and pension contributions accounting for projected accruals and compounded interest losses;
    b. Front pay in lieu of reinstatement;
    c. Compensatory damages for mental anguish and emotional distress;
    d. Punitive damages to deter future discriminatory and retaliatory conduct;
    e. Attorneys' fees and costs of court; and
    f. Prejudgment and post-judgment interest.

---

## VIII. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and grant the following relief:

1. Reinstatement to his former position or a comparable position with Defendant, in accordance with the Whistleblower Protection Act or the No Workplace Retaliation Act (Case Citation: *Garcia v. U.S. Dep't of Homeland Security*, 437 F.3d 129 (5th Cir. 2006) or *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006)).;

2. Back pay, including wages, lost benefits, 401(k) contributions, and pension contributions;

3. Front pay if reinstatement is not feasible;

4. Compensatory and punitive damages;

5. Attorneys' fees and costs; and

6. Such other and further relief as the Court deems just and proper.

### IX. DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Troy A. White II*

**TROY A. WHITE II**
7135 Sweetgum Rd Beaumont, TX, 77713
(409)-853-7832
Twhite409@Gmail.com

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Troy A. White II

## DEFENDANTS
Exxon Mobil Corporation

**(b)** County of Residence of First Listed Plaintiff: Jefferson
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane / [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability / [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | [ ] 820 Copyrights | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability / [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle / [ ] 370 Other Fraud | **LABOR** | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability / [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards Act | | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury / [ ] 380 Other Personal Property Damage | [ ] 720 Labor/Management Relations | **SOCIAL SECURITY** | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice / [ ] 385 Property Damage Product Liability | [ ] 740 Railway Labor Act | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 751 Family and Medical Leave Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ Exchange |
| | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [x] 440 Other Civil Rights / **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting / [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [x] 442 Employment / [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations / [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment / [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other / **Other:** [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education / [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964

Brief description of cause: Racial Discrimination based on Race, Workplace harassment, Retaliation and Wrongful termination

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE: 12/18/2024

SIGNATURE OF ATTORNEY OF RECORD: _____

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE